```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
JAN WAINWRIGHT,                           :     13 Civ. 0756 (DLC)
                                          :
                    Plaintiff,            :     MEMORANDUM OPINION
                                          :        AND ORDER
          -v-                             :
                                          :
ALLIED INTERSTATE, LLC f/k/a ALLIED       :
INTERSTATE, INC.,                         :
                                          :
                    Defendant.            :
                                          :
------------------------------------------X
```

APPEARANCES

For the plaintiff Jan Wainwright

Craig Thor Kimmel
Kimmel & Silverman, P.C.
1001 6th Avenue, Suite 12
New York, NY 10018

For the defendant Allied Interstate, LLC

Casey D. Laffey
Nana Japaridze
Reed Smith, LLP
599 Lexington Avenue, 28th Floor
New York, NY 10022

DENISE COTE, District Judge:

Plaintiff Jan Wainwright ("the plaintiff") seeks an award of attorneys' fees and costs of $3,746 on behalf of her attorneys in this Fair Debt Collection Practices Act ("FDCPA") case. 15 U.S.C. § 1692 et seq. For the following reasons, the plaintiff's firm is awarded $2,100.

Background

During August 2012, defendant Allied Interstate, L.L.C. ("the defendant"), a debt collection firm, placed telephone calls to the plaintiff, her mother, and her sister in an effort to collect $3,365 owed by the plaintiff for a student loan. The plaintiff resides in Watertown, New York. On August 14, Wainwright consulted Kimmel & Silverman, P.C. ("Kimmel"), a law firm located in Ambler, Pennsylvania, which sent a cease and desist email to the defendant that day.

On February 1, 2013, Kimmel filed this action on behalf of the plaintiff, alleging violations of four sections of the FDCPA in connection with the defendant's calls. See 15 U.S.C. §§ 1692c(b), 1692d, 1692d(5), 1692(f). On February 20, this Court issued a notice for an initial conference to be held on March 15. On March 12, Kimmel took steps to serve the defendant, and on March 13 discussed settlement with the defendant. The initial conference with the Court was conducted by telephone on March 22. A scheduling order of that date required initial disclosures to be exchanged by May 24, set other relevant dates for the action, and required the parties to contact Magistrate Judge Michael Dolinger to arrange for him to supervise their settlement discussions.

In mid-April and again in mid-May, the parties communicated with Judge Dolinger's chambers about the scheduling of a

settlement conference. On May 21, Kimmel spent 6 minutes (or 0.1 hours) beginning to draft Rule 26 disclosures.

On May 22, counsel exchanged emails regarding the defendant's offer of judgment. On May 25, the plaintiff accepted the offer of judgment. The offer of judgment was filed on May 31. It reads: "Defendant will allow judgment to be entered against it as to Plaintiff's Fair Debt Collection Practices Act claims in the amount of Five Hundred and One Dollars ($501.00), plus reasonable costs and attorneys' fees as recoverable by law and allowed by the Court."

On June 14, the plaintiff filed a motion seeking attorneys' fees and costs in the amount of $3,658.50 for 16.4 billable hours of attorney and paralegal time and associated costs as of that date. Kimmel partner Craig Thor Kimmel seeks compensation for his services at an hourly rate of $300 (reduced from an "original" rate of $425). Additionally, Kimmel seeks compensation for several others at Kimmel who worked on this case as well, including Amy Bennecoff, for whom it seeks compensation at an hourly rate of $225 (reduced from $300), and a paralegal named Pete Keltz whose hourly rate is listed as $80. The costs are listed as the $350 filing fee.

The defendant opposed the motion, citing authority for an award of approximately $1,500 in similar cases. The plaintiff replied, emphasizing the seriousness of the abusive conduct by

the defendant. The matter was referred to Magistrate Judge Dolinger for settlement negotiations as to the proper amount of attorneys fees owed. A settlement conference was held on July 15 and the parties were unable to come to an agreement.

Discussion

Following a successful action, the FDCPA provides for the awarding to the plaintiff of "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k; accord Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 95 (2d Cir. 2008) ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs . . . .").

The starting point in determining an attorneys' fees award is calculating the "lodestar" number, which is calculated by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Healey v. Leavitt, 485 F 3d 63, 71 (2d Cir. 2007). In determining what constitutes a reasonable hourly rate courts in the Second Circuit look first to the rates commonly charged by attorneys for similar work in the district in which the court sits. See, e.g., Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). A court may apply a higher or lower "reasonable" rate in calculating the lodestar number, however, based on case-specific variables if it is clear that a reasonable client would have paid that different

rate in a similar case.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 191 (2d. Cir. 2007).  One such variable is "the important factor of the 'results obtained.'"  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (citation omitted).

District and Magistrate Judges of this Court have filed detailed opinions analyzing the billing practices of the Kimmel law firm in FDCPA actions.  Several of these opinions concerned actions brought by Kimmel against the defendant here, Allied Interstate.  On occasion, District and Magistrate Judges have cut Kimmel's fee requests by as much as fifty percent.  See, e.g., Ryan v. Allied Interstate, Inc., 882 F.Supp.2d 628 (S.D.N.Y. 2012); Muise v. Allied Interstate, Inc., 12 Civ. 1317 (TPG), 2012 WL 4044699 (S.D.N.Y. Sept. 12, 2012); Reith v. Allied Interstate, Inc., 12 Civ. 4278 (PKC), 2012 WL 5458007 (S.D.N.Y. Nov. 8, 2012).

In Ryan, Magistrate Judge Peck allowed hourly rates for the Kimmel firm that correspond to the "reduced" rates sought here. Ryan, 882 F.Supp.2d at 635.  In Reith, the Honorable Kevin P. Castel approved an award based on 7.5 hours of work in an FDCPA case which appears to be very similar to this case.  That case was also settled based on the acceptance of an offer of judgment of $500.  Reith, 2012 WL 4044699 at *3.  The January 25, 2013 award in Reith was for $1,715 in fees.  See Ord. for Pl.'s

Att'ys' Fees and Costs, Reith v. Allied Interstate, Inc., 2012 WL 5458007 (S.D.N.Y. Nov. 8, 2012) (12 Civ. 4278 (PKC)) (Jan. 25, 2013).

This Court will adopt the "reduced" billing rates for which the Kimmel firm seeks approval here. These rates are consistent with those approved by several judges of this Court. They are also generous approximations of the rates these attorneys would have received if representing a paying client billing for their services by the hour in a comparable case. See Perdue v. Kenny A., 559 U.S. 542, 551 (2010).

The Kimmel firm's lodestar calculation is, however, severely inflated. The time records, which this Court has inspected with care, reflect work spread among many persons at the firm. If handled efficiently, the few tasks that were performed warrant an award of no more than $1,750 in fees. A roughly 20 minute conversation with the client was sufficient to send the cease and desist letter. That letter apparently brought an immediate halt to the harassing telephone calls. The filing of a complaint and attendance by telephone at the initial conference was essentially all of the work performed in court, with the exception of this litigation over the award of fees. The defendant made what appears to be its standard offer of judgment before any other significant investment of time was necessary. The offer of judgment was promptly accepted and the case ended with the

exception of this motion practice.  This award of fees more than fairly compensates the plaintiff's firm for this work, and any necessary coordination within the firm, as well as for communications with the client, the Court, and the defendant.

Conclusion

The June 14, 2013 motion for an award of fees and costs is granted in part.  Plaintiff's counsel is awarded $1,750 in attorney's fees and $350 in costs.

SO ORDERED:

Dated:   New York, New York
         September 10, 2013

_____
DENISE COTE
United States District Judge